**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTELLECT WIRELESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 1215 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| T-MOBILE USA, INC., ) | |
| UNITED STATES CELLULAR CORP., ) | |
| VIRGIN MOBILE USA, INC., ) | |
| HELIO, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**VIRGIN MOBILE USA, L.P.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Virgin Mobile USA, L.P. ("Virgin Mobile"), for its Answer and Counterclaims to the Complaint of Plaintiff, Intellect Wireless, Inc. ("Intellect Wireless"), in this action, states as follows:

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that Intellect Wireless purports to have brought this action under the patent laws of the United States, Title 35 of the United States Code.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

1

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that Intellect Wireless purports to have an issued patent from the United States Patent and Trademark Office under No. 7,257,210 (the "'210 Patent"), and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint regarding ownership of the '210 Patent.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that Intellect Wireless purports to have an issued patent from the United States Patent and Trademark Office under No. 7,305,076 (the "'076 Patent"), and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint regarding ownership of the '076 Patent.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Intellect Wireless purports to have an issued patent from the United States Patent and Trademark Office under No. 7,266,186 (the "'186 Patent"), and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint regarding ownership of the '186 Patent.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint, except admit that Virgin Mobile is a Limited Partnership under the laws of the State of Delaware, and has a principal place of business in the State of New Jersey.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint except admit that Intellect Wireless purports to invoke this Court's jurisdiction under 28 U.S.C. § 1338(a).

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Deny all allegations in the Complaint that are not otherwise specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Virgin Mobile USA, L.P. ("Virgin Mobile") asserts the following affirmative defenses to Plaintiff's Complaint.

### **First Defense**

30. As to Virgin Mobile, the Complaint fails to state a claim upon which relief may be granted.

## Second Defense

31. Virgin Mobile has not infringed and is not infringing any of the claims of the patents-in-suit.

## Third Defense

32. Virgin Mobile has not contributorily infringed, is not contributorily infringing, has not actively induced infringement, and is not actively inducing others to infringe any of the claims of the patents-in-suit.

## Fourth Defense

33. The claims of the patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, et. seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## Fifth Defense

34. Intellect Wireless is barred from recovering damages from Virgin Mobile for infringement of the patents-in-suit prior to the date Intellect Wireless provided proper notice to Virgin Mobile pursuant to 35 U.S.C. § 287(a).

## Reservation of Rights

Virgin Mobile reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Virgin Mobile USA, L.P. ("Virgin Mobile") hereby asserts the following counterclaims against Intellect Wireless, Inc. ("Intellect Wireless") and avers as follows:

## Jurisdiction and Venue

1   This Court has subject matter jurisdiction over the following Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).  This Court has personal jurisdiction over Intellect Wireless.

2   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), and as a result of Intellect Wireless's commencement of this action in this district.

## The Parties

3   Counterclaim-Plaintiff Virgin Mobile is a Limited Partnership organized and existing under the laws of the State of Delaware with its principal place of business in Warren, New Jersey.

4   On information and belief, Counterclaim-Defendant Intellect Wireless is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Fort Worth, Texas.

## First Counterclaim

**(Declaratory Judgment - Non-Infringement of the '210 Patent)**

5.   Virgin Mobile repeats and realleges paragraphs 1 through 4, as if fully set forth herein.

6. Intellect Wireless alleges in its Complaint that it owns all right, title, and interest in and to the '210 Patent.

7. Intellect Wireless, by its Complaint, has asserted that Virgin Mobile has directly and contributorily infringed and induced others to infringe the '210 Patent.

8. Virgin Mobile has not infringed and is not infringing any of the claims of the '210 Patent. Virgin Mobile has not contributorily infringed, is not contributorily infringing, has not actively induced infringement, and is not actively inducing others to infringe any of the claims of the '210 Patent.

9. There exists, therefore, an actual controversy between Intellect Wireless and Virgin Mobile with respect to infringement of the '210 Patent.

10. Virgin Mobile seeks a judicial declaration that it does not infringe or contributorily infringe, nor has it induced infringement of the '210 Patent.

## Second Counterclaim

**(Declaratory Judgment - Non-Infringement of the '076 Patent)**

11. Virgin Mobile repeats and realleges paragraphs 1 through 10, as if fully set forth herein.

12. Intellect Wireless alleges in its Complaint that it owns all right, title, and interest in and to the '076 Patent.

13. Intellect Wireless, by its Complaint, has asserted that Virgin Mobile has directly and contributorily infringed and induced others to infringe the '076 Patent.

14. Virgin Mobile has not infringed and is not infringing any of the claims of the '076 Patent. Virgin Mobile has not contributorily infringed, is not contributorily infringing, has not actively induced infringement, and is not actively inducing others to infringe any of the claims of the '076 Patent.

15. There exists, therefore, an actual controversy between Intellect Wireless and Virgin Mobile with respect to infringement of the '076 Patent.

16. Virgin Mobile seeks a judicial declaration that it does not infringe or contributorily infringe, nor has it induced infringement of the '076 Patent.

### Third Counterclaim

**(Declaratory Judgment - Non-Infringement of the '186 Patent)**

17. Virgin Mobile repeats and realleges paragraphs 1 through 16, as if fully set forth herein.

18. Intellect Wireless alleges in its Complaint that it owns all right, title, and interest in and to the '186 Patent.

19. Intellect Wireless, by its Complaint, has asserted that Virgin Mobile has directly and contributorily infringed and induced others to infringe the '186 Patent.

20. Virgin Mobile has not infringed and is not infringing any of the claims of the '186 Patent. Virgin Mobile has not contributorily infringed, is not contributorily infringing, has not actively induced infringement, and is not actively inducing others to infringe any of the claims of the '186 Patent.

21. There exists, therefore, an actual controversy between Intellect Wireless and Virgin Mobile with respect to infringement of the '186 Patent.

22. Virgin Mobile seeks a judicial declaration that it does not infringe or contributorily infringe, nor has it induced infringement of the '186 Patent.

### Fourth Counterclaim

**(Declaratory Judgment – Invalidity of the '210 Patent)**

23. Virgin Mobile repeats and realleges paragraphs 1 through 22, as if fully set forth herein.

24. The '210 Patent is invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation, at least Sections 102, 103 and 112 thereof.

25. Virgin Mobile seeks a judicial declaration that the '210 Patent is invalid.

### Fifth Counterclaim

**(Declaratory Judgment – Invalidity of the '076 Patent)**

26. Virgin Mobile repeats and realleges paragraphs 1 through 25, as if fully set forth herein.

27. The '076 Patent is invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation, at least Sections 102, 103 and 112 thereof.

28. Virgin Mobile seeks a judicial declaration that the '076 Patent is invalid.

**Sixth Counterclaim**

**(Declaratory Judgment – Invalidity of the '186 Patent)**

29. Virgin Mobile repeats and realleges paragraphs 1 through 28, as if fully set forth herein.

30. The '186 Patent is invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation, at least Sections 102, 103 and 112 thereof.

31. Virgin Mobile seeks a judicial declaration that the '186 Patent is invalid.

**PRAYER FOR RELIEF**

**WHEREFORE**, Virgin Mobile USA, L.P. respectfully prays for judgment against Intellect Wireless, Inc. as follows:

(1) Dismissing with prejudice the Complaint against Virgin Mobile;

(2) Declaring that Virgin Mobile does not infringe, contributorily infringe, or induce infringement of any claim of the '210 Patent;

(3) Declaring that Virgin Mobile does not infringe, contributorily infringe, or induce infringement of any claim of the '076 Patent;

(4) Declaring that Virgin Mobile does not infringe, contributorily infringe, or induce infringement of any claim of the '186 Patent;

(5) Declaring that the '210 Patent is invalid and void;

(6) Declaring that the '076 Patent is invalid and void;

(7) Declaring that the '186 Patent is invalid and void;

(8) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Virgin Mobile its attorneys' fees;

(9) Awarding to Virgin Mobile its costs and disbursements in this action; and

(10) Awarding such other and further relief as this Court may deem just and proper.

Dated:  April 24, 2008

                Respectfully submitted,

                s/Christina M. Tchen
                Christina M. Tchen
                Michaele N. Turnage Young
                SKADDEN, ARPS, SLATE,
                  MEAGHER & FLOM, L.L.P.
                333 West Wacker Drive
                Chicago, IL 60606-1285
                Tel:  (312) 407.0700
                Fax:  (312) 407.0411

                *Attorneys for Virgin Mobile USA, L.P.*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2008, I electronically filed VIRGIN MOBILE USA, L.P.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/Christina M. Tchen
Christina M. Tchen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411