IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLECT WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., UNITED STATES CELLULAR CORP., VIRGIN MOBILE USA, INC., AND HELIO, INC. <br><br> Defendants. | Civil Action No. 1:08-cv-01215 <br><br> Judge Joan B. Gottschall <br><br> JURY TRIAL DEMANDED |

**T-MOBILE USA, INC.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT**

Defendant T-Mobile USA, Inc. ("T-Mobile"), by its attorneys, answers the Complaint of Plaintiff Intellect Wireless, Inc. ("Intellect Wireless") in the above-captioned action as follows:

1.      T-Mobile admits that Intellect Wireless has alleged patent infringement under Title 35 of the United States Code, but denies the legal sufficiency of Intellect Wireless's claims and allegations. To the extent not expressly admitted, T-Mobile denies the allegations contained in Paragraph 1 of the Complaint.

2.      T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

3.      T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and therefore denies those allegations.

4.      T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 of the Complaint, and therefore denies those allegations.

5.      T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint, and therefore denies those allegations.

6.  T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint, and therefore denies those allegations.

7.  T-Mobile admits the allegations of Paragraph 7 of the Complaint.

8.  T-Mobile admits that it sells and offers cellular telephone services, but otherwise denies the allegations of Paragraph 8 of the Complaint.

9.  T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint, and therefore denies those allegations.

10. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint, and therefore denies those allegations.

11. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint, and therefore denies those allegations.

12. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint, and therefore denies those allegations.

13. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 of the Complaint, and therefore denies those allegations.

14. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint, and therefore denies those allegations.

15. T-Mobile admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. § 1338(a), but denies the legal sufficiency of Intellect Wireless's claims and allegations with respect to T-Mobile and denies that Intellect Wireless has any viable claim thereunder. With respect to the other defendants, T-Mobile lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in

Paragraph 15 of the Complaint, and therefore denies those allegations. To the extent not expressly admitted, T-Mobile denies the allegations contained in Paragraph 15 of the Complaint.

16. T-Mobile admits that venue is proper in this judicial district, but denies the legal sufficiency of Intellect Wireless's claims and allegations with respect to T-Mobile and denies that Intellect Wireless has any viable claim thereunder. With respect to the other defendants, T-Mobile lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies those allegations. To the extent not expressly admitted, T-Mobile denies the allegations contained in Paragraph 16 of the Complaint.

17. T-Mobile denies the allegations contained in Paragraph 17 of the Complaint.

18. T-Mobile denies the allegations contained in Paragraph 18 of the Complaint.

19. T-Mobile denies the allegations contained in Paragraph 19 of the Complaint.

20. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint, and therefore denies those allegations.

21. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint, and therefore denies those allegations.

22. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint, and therefore denies those allegations.

23. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint, and therefore denies those allegations.

24. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint, and therefore denies those allegations.

25. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint, and therefore denies those allegations.

26. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint, and therefore denies those allegations.

27. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint, and therefore denies those allegations.

28. T-Mobile lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint, and therefore denies those allegations.

29. T-Mobile denies all allegations in the Complaint that are not otherwise specifically admitted in this Answer.

## DEFENSES

Further answering the Complaint and as additional defenses thereto, T-Mobile asserts the following defenses:

## FIRST DEFENSE

30. T-Mobile has not infringed and does not infringe any valid claim of U.S. Patent No. 7,257,210, U.S. Patent No. 7,266,186, or U.S. Patent No. 7,305,076 (collectively "the patents-in-suit") directly or indirectly.

## SECOND DEFENSE

31. Some or all claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD DEFENSE

32.  Prosecution history estoppel precludes Intellect Wireless from maintaining that any claim of the patents in suit covers any of the accused devices and/or services.

### FOURTH DEFENSE

33.  Intellect Wireless's claims are barred by the doctrine of prosecution history laches.

### FIFTH DEFENSE

34.  Intellect Wireless's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

35.  Intellect Wireless's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

### SEVENTH DEFENSE

36.  Intellect Wireless is not entitled to any injunctive relief because any alleged injury to Intellect Wireless is not immediate or irreparable, and Intellect Wireless has an adequate remedy at law for any alleged injury.

### EIGHTH DEFENSE

37.  To the extent Intellect Wireless seeks damages for any alleged infringement prior to its giving actual notice of the patents in suit to T-Mobile, its claims are barred pursuant to 35 U.S.C. § 287(a).

### NINTH DEFENSE

38.  Intellect Wireless has failed to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

39. T-Mobile reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims against Intellect Wireless, T-Mobile states as follows:

40. T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 S.E. 38th St., Bellevue, WA 98006.

41. Upon information and belief, Intellect Wireless, Inc. ("Intellect Wireless") is a Texas corporation and has a principal place of business in Fort Worth, Texas.

42. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

43. Venue is proper under 28 U.S.C. § 1391 and 1400(b).

44. Intellect Wireless has asserted that T-Mobile infringes U.S. Patent Nos. 7,257,210, 7,266,186, and 7,305,076 (collectively "the patents in suit"). An actual controversy exists between T-Mobile and Intellect Wireless over the alleged infringement, invalidity, and unenforceability of those patents-in-suit.

## FIRST COUNTERCLAIM

45. T-Mobile incorporates and realleges Paragraphs 1 through 44 as though fully set forth herein.

46. T-Mobile has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the patents in suit, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

47.　T-Mobile incorporates and realleges Paragraphs 1 through 46 as though fully set forth herein.

48.　The patents in suit are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## DEMAND FOR A JURY TRIAL

T-Mobile demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all claims and counterclaims and as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, T-Mobile respectfully requests that this Court enter judgment in their favor and grant the following relief:

a.　An order declaring that Intellect Wireless take nothing from T-Mobile on the claims asserted in the Complaint;

b.　A declaration that T-Mobile does not infringe any of the patents-in-suit;

c.　A declaration that the patents-in-suit are invalid;

d.　Judgment against Intellect Wireless in favor of T-Mobile;

e.　Dismissal of the Complaint with prejudice;

f　An order declaring that this is an exceptional case under 35 U.S.C. § 285;

g.　An award to T-Mobile of its costs, expenses, and reasonable attorney fees order under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

h.　Any such other relief as the Court may deem appropriate and just under the circumstances.

Dated: April 24, 2008            Respectfully submitted,

/s/ Margaret L. Begalle
Josh A. Krevitt
jkrevitt@gibsondunn.com
Charles J. Boudreau
cboudreau@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Thomas L. Duston
tduston@marshallip.com
Margaret Begalle
mbegalle@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 24, 2008, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing via the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

      /s/ Margaret L. Begalle
      Margaret L. Begalle
      mbegalle@marshallip.com
      MARSHALL, GERSTEIN & BORUN LLP
      233 South Wacker Drive
      6300 Sears Tower
      Chicago, IL 60606-6357
      Telephone: (312) 474-6300
      Facsimile: (312) 474-0448