IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLECT WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., UNITED STATES CELLULAR CORP., VIRGIN MOBILE USA, INC., AND HELIO, INC. <br><br> Defendants. | Civil Action No. 1:08-cv-01215 <br><br> Judge Joan B. Gottschall <br><br> JURY TRIAL DEMANDED |

### HELIO, INC.'S ANSWER AND COUNTERCLAIMS
### TO PLAINTIFF'S COMPLAINT

Defendant Helio, Inc. ("Helio"), by its attorneys, answers the Complaint of Plaintiff Intellect Wireless, Inc. ("Intellect Wireless") in the above-captioned action as follows:

1. Helio admits that Intellect Wireless has alleged patent infringement under Title 35 of the United States Code, but denies the legal sufficiency of Intellect Wireless's claims and allegations. To the extent not expressly admitted, Helio denies the allegations contained in Paragraph 1 of the Complaint.

2. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and therefore denies those allegations.

4. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 of the Complaint, and therefore denies those allegations.

5. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint, and therefore denies those allegations.

6. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint, and therefore denies those allegations.

7. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint, and therefore denies those allegations.

8. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 of the Complaint, and therefore denies those allegations.

9. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint, and therefore denies those allegations.

10. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint, and therefore denies those allegations.

11. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint, and therefore denies those allegations.

12. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint, and therefore denies those allegations.

13. Helio admits the allegations of Paragraph 13 of the Complaint.

14. Helio denies the allegations of Paragraph 14 of the Complaint.

15. Helio admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. § 1338(a), but denies the legal sufficiency of Intellect Wireless's claims and allegations with respect to Helio and denies that Intellect Wireless has any viable claim thereunder. With respect to the other defendants, Helio lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies those allegations. To the extent not expressly admitted, Helio denies the allegations contained in Paragraph 15 of the Complaint.

16. Helio admits that venue is proper in this judicial district, but denies the legal sufficiency of Intellect Wireless's claims and allegations with respect to Helio and denies that Intellect Wireless has any viable claim thereunder. With respect to the other defendants, Helio lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies those allegations. To the extent not expressly admitted, Helio denies the allegations contained in Paragraph 16 of the Complaint.

17. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

18. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the Complaint, and therefore denies those allegations.

19. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint, and therefore denies those allegations.

20. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint, and therefore denies those allegations.

21. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint, and therefore denies those allegations.

22. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint, and therefore denies those allegations.

23. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint, and therefore denies those allegations.

24. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint, and therefore denies those allegations.

25. Helio lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint, and therefore denies those allegations.

26. Helio denies the allegations contained in Paragraph 26 of the Complaint.

27. Helio denies the allegations contained in Paragraph 27 of the Complaint.

28. Helio denies the allegations contained in Paragraph 28 of the Complaint.

29. Helio denies all allegations in the Complaint that are not otherwise specifically admitted in this Answer.

## DEFENSES

Further answering the Complaint and as additional defenses thereto, Helio asserts the following defenses:

## FIRST DEFENSE

30. Helio has not infringed and does not infringe any valid claim of U.S. Patent No. 7,257,210, U.S. Patent No. 7,266,186, or U.S. Patent No. 7,305,076 (collectively "the patents-in-suit") directly or indirectly.

## SECOND DEFENSE

31. Some or all claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

32. Prosecution history estoppel precludes Intellect Wireless from maintaining that any claim of the patents in suit covers any of the accused devices and/or services.

## FOURTH DEFENSE

33.     Intellect Wireless's claims are barred by the doctrine of prosecution history laches.

## FIFTH DEFENSE

34.     Intellect Wireless's claims are barred in whole or in part by the doctrine of estoppel.

## SIXTH DEFENSE

35.     Intellect Wireless's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## SEVENTH DEFENSE

36.     Intellect Wireless is not entitled to any injunctive relief because any alleged injury to Intellect Wireless is not immediate or irreparable, and Intellect Wireless has an adequate remedy at law for any alleged injury.

## EIGHTH DEFENSE

37.     To the extent Intellect Wireless seeks damages for any alleged infringement prior to its giving actual notice of the patents in suit to Helio, its claims are barred pursuant to 35 U.S.C. § 287(a).

## NINTH DEFENSE

38.     Intellect Wireless has failed to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

39.     Helio reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims against Intellect Wireless, Helio states as follows:

40. Helio, Inc. ("Helio") is a Delaware corporation with corporate headquarters at 10960 Wilshire Blvd., Suite 700, Los Angeles, California 90024.

41. Upon information and belief, Intellect Wireless, Inc. ("Intellect Wireless") is a Texas corporation and has a principal place of business in Fort Worth, Texas.

42. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

43. Venue is proper under 28 U.S.C. § 1391 and 1400(b).

44. Intellect Wireless has asserted that Helio infringes U.S. Patent Nos. 7,257,210, 7,266,186, and 7,305,076 (collectively "the patents in suit"). An actual controversy exists between Helio and Intellect Wireless over the alleged infringement, invalidity, and unenforceability of those patents-in-suit.

## FIRST COUNTERCLAIM

45. Helio incorporates and realleges Paragraphs 1 through 44 as though fully set forth herein.

46. Helio has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the patents in suit, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

47. Helio incorporates and realleges Paragraphs 1 through 46 as though fully set forth herein.

48. The patents in suit are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## DEMAND FOR A JURY TRIAL

Helio demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all claims and counterclaims and as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, Helio respectfully requests that this Court enter judgment in their favor and grant the following relief:

a. An order declaring that Intellect Wireless take nothing from Helio on the claims asserted in the Complaint;

b. A declaration that Helio does not infringe any of the patents-in-suit;

c. A declaration that the patents-in-suit are invalid;

d. Judgment against Intellect Wireless in favor of Helio;

e. Dismissal of the Complaint with prejudice;

f An order declaring that this is an exceptional case under 35 U.S.C. § 285;

g. An award to Helio of its costs, expenses, and reasonable attorney fees order under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

h. Any such other relief as the Court may deem appropriate and just under the circumstances.

Dated: April 24, 2008	Respectfully submitted,


/s/  Margaret L. Begalle
Josh A. Krevitt
jkrevitt@gibsondunn.com
Charles J. Boudreau
cboudreau@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Thomas L. Duston
tduston@marshallip.com
Margaret Begalle
mbegalle@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**ATTORNEYS FOR DEFENDANT HELIO, INC.**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 24, 2008, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing via the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Margaret L. Begalle
Margaret L. Begalle
mbegalle@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448