IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-cv-1215 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| T-MOBILE USA, INC., ) | |
| UNITED STATES CELLULAR ) | Magistrate Judge Susan E. Cox |
| CORP., VIRGIN MOBILE USA, L.P., ) | |
| HELIO, INC., ) | |
| ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## PARTIES' STATUS REPORT ON PROPOSED SCHEDULING ORDER

Plaintiff Intellect Wireless, Inc. ("Plaintiff") and Defendants Virgin Mobile USA, L.P., T-Mobile USA, Inc., Helio, Inc., and United States Cellular Corporation (collectively "Defendants") have conferred on a proposed scheduling order and have been able to reach agreement on many but not all of the dates. Following is a report of the agreed dates, the proposed dates of Plaintiff and Defendants for events for which the parties have been unable to reach agreement, and brief statements of each side's position for the events where disagreement remains.

| Step # | Description | Agreed Date | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|---|
| 1 | Plaintiff to limit asserted claims to a reasonable number. | | Not required | January 5, 2009 |
| 2 | Parties exchange initial Privilege Logs. | February 13, 2009 | | |

| Step # | Description | Agreed Date | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|---|
| 3 | Parties meet and confer regarding terms to be construed. | February 27, 2009 | | |
| 4 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence. | March 16, 2009 (Defendants propose inclusion of extrinsic evidence; Plaintiff does not) | | |
| 5 | Last date by which parties may file motions to amend pleadings or join additional parties, except for good cause shown. | March 20, 2009 | | |
| 6 | Parties exchange joint claim construction statement. | May 5, 2009 | | |
| 7 | Opening Briefs: Parties file opening claim construction briefs with supporting evidence. | June 26, 2009 | | |
| 8 | Responsive Briefs: Parties file responsive claim construction briefs with supporting evidence. | July 24, 2009 | | |
| 9 | Markman Hearing | To be set by the Court | | |
| 10 | Court issues Markman ruling on claim construction. | To be set by the Court | | |
| 11 | Defendants to identify and produce opinions of counsel. | | March 31, 2009 | 4 weeks following the Court's Markman ruling |
| 12 | Fact discovery cut-off. | | May 29, 2009 or 6 weeks following the Court's Markman order | 16 weeks following the Court's Markman ruling |
| 13 | Parties file expert witness reports on issues for which they carry the burden of proof. | | September 11, 2009 | 6 weeks following Step 12 |
| 14 | Parties file rebuttal expert witness reports. | | October 2, 2009 | 6 weeks following Step 13 |

| Step # | Description | Agreed Date | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|---|
| 15 | Expert discovery cut-off. | | October 16, 2009 | 6 weeks following Step 14 |
| 16 | Parties file Dispositive Motions. | | November 6, 2009 | 4 weeks following Step 15 |
| 17 | Parties file oppositions to Dispositive Motions. | | December 4, 2009 | 4 weeks after Step 16 |
| 18 | Parties file replies in support of Dispositive Motions. | | December 18, 2009 | 2 weeks after Step 17 |

**Plaintiff's Position.** Plaintiff is opposed to including step 1 in the scheduling order, which Defendants include to limit Plaintiff's asserted claims by January 5, 2009. Plaintiff has already served discovery responses on Defendants with a preliminary identifying of its asserted claims. Plaintiff expects that additional asserted claims will be identified during discovery through documents and deposition testimony. Limiting the claims to be asserted cannot be done before the close of discovery. Accordingly, Plaintiff's proposed schedule provides for the close of fact discovery (May 29, 2009) prior to the opening briefs on claim construction (June 26, 2009). Defendants' proposed schedule is unworkable as it would have Plaintiff identify the asserted claims early in discovery and months before the claim construction schedule. As to the remainder of the dates in the proposed scheduling order, Plaintiff has proposed fixed dates, which, of course, can be revisited or adjusted to account for the timing of events in the case including the Court's Markman order. In any event, Defendants' schedule is much too long providing for 16 weeks (an additional 4 months) of discovery following the Court's Markman order. Should the Court adopt the Defendants' model, Plaintiff suggests that an additional six weeks of fact discovery following the Markman order would be sufficient.

**Defendants' Position.** Defendants include step 1, a date by which Plaintiff must limit its claims to a reasonable number. Although Plaintiff does not agree that the schedule should

include such a date, Defendants believe that setting this date prior to briefing on claim construction will focus the claim construction process and help both sides avoid unnecessary effort. Defendants' proposals for steps 11-18 differ from Plaintiff's proposals. Defendants believe that Plaintiff's proposals are unworkable because they consist of fixed dates that do not take into account the timing of the Court's claim construction ruling. Plaintiff's proposed dates have the potential, for example, to require all expert discovery and all briefing on dispositive motions prior to the claim construction ruling. Such an order of events would not make sense. Defendants' proposed dates, which are keyed to the claim construction ruling, allow timing that is convenient for the Court and ensure that the case will proceed in a logical order.

Dated: September 9, 2008

Respectfully submitted,

| | |
|---|---|
| _____/s/ Steven Yovits_____ | _____/s/ Charles J. Boudreau_____ |
| Alan M. Grimaldi | Thomas L. Duston |
| Thomas M. Dunham | Margaret Lynn Begalle |
| Chad Peterson | MARSHALL, GERSTEIN & BORUN |
| John E. Dubiansky | 233 South Wacker Drive |
| Howrey LLP | 6300 Sears Tower |
| 1299 Pennsylvania Ave. NW | Chicago, IL 60606 |
| Washington, DC 20004 | (312) 474-6300 |
| (202) 783-0800 | |
| | Josh A. Krevitt |
| Steven Yovits | Charles J. Boudreau |
| Scott D. Sherwin | GIBSON, DUNN & CRUTCHER LLP |
| Howrey LLP | 200 Park Avenue |
| 321 North Clark Street | New York, NY 10166 |
| Suite 3400 | (212) 351-4000 |
| Chicago, IL 60654-2402 | |
| (312) 321-4200 | ***Attorneys for T-Mobile USA, Inc.*** |
| | |
| Christina M. Tchen | |
| Michaele N. Turnage Young | |
| SKADDEN, ARPS, SLATE, | |
| MEAGHER & FLOM, LLP | |
| 333 West Wacker Drive, Suite 2100 | |
| Chicago, IL 60606-1285 | |
| (312) 407-0700 | |
| | _____/s/ Richard J. O'Brien_____ |
| Daniel A. DeVito | Richard J. O'Brien |
| Marti A. Johnson | Nabeel U. Khan |
| SKADDEN, ARPS, SLATE, | Rachel D. Sher |
| MEAGHER & FLOM, LLP | SIDLEY AUSTIN LLP |
| Four Times Square | One South Dearborn Street |
| New York, New York 10036 | Chicago, Illinois 60603 |
| (212) 735-3000 | (312) 853-7000 |
| | |
| ***Attorneys for Virgin Mobile USA, L.P.*** | ***Attorneys for United States Cellular Corporation*** |

5

      <u>/s/ David J. Mahalek</u>
Raymond P. Niro
Paul K. Vickrey
Paul C. Gibbons
David J. Mahalek
Niro, Scavone, Haller & Niro
181 W. Madison Street
Suite 4600
Chicago, Illinois 60602
(312) 236-0733

***Attorneys for Intellect Wireless, Inc.***