IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C1215 |
| | ) | |
| v. | ) | Honorable Joan B. Gottschall |
| | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| T-MOBILE USA, INC., UNITED STATES CELLULAR CORP., | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Intellect Wireless Inc. ("Intellect") now submits its memorandum in opposition to the motion for summary judgment filed by United States Cellular Corp. and T-Mobile USA, Inc. ("Defendants").

Briefly stated, Defendants' motion should be denied as premature. The crux of Defendants' motion turns on the construction of the phrase "initiating a message". Defendants contend that the phrase "initiating a message" is performed by a "cellular telephone user" (Defendants' Br. at 3). Intellect, however, contends that the "initiation" is performed by the software in the handsets which Defendants provide.

Moreover, the Federal Circuit has instructed that claim construction should not be conducted in a vacuum, and that proper context includes consideration of how the accused product operates. Here, depositions have yet to occur, and there has been no testimony as to how Defendants' systems operate. For this reason as well, summary judgment should be denied as premature.

Yet another reason why the motion should be denied as premature is the fact

that Intellect has amended its Complaint to include claims for infringement of U.S. Patent No. 7,349,532 ("the '532 Patent"). The '532 Patent has terms in common with the terms implicated by Defendants summary judgment motion (such as "message originator"). Presumably, Defendants will eventually move for summary judgment on that patent after claim construction, and from the perspective of judicial economy, serial motions do not make sense.

Finally, should the Court entertain this motion on the merits, the motion should be denied because it hinges on a claim construction and attorney argument at odds with the intrinsic record and Defendants' own documents.

## II. ARGUMENT

### A. The Motion Should Be Denied As Premature Because It Hinges On Claim Construction

Defendants' summary judgment motion implicates claim construction issues. For example, Defendants contend that the phrase "initiating a message" is performed by a "cellular telephone user" (Defendants' Br. at 3). Intellect, however, contends that the "initiation" is performed by the software in the telephone which Defendants provide. This claim construction issue is illustrated by the plain language of the first element of two of the patents-in-suit. Claim 1 of the '210 Patent and claim 18 of the '186 Patent contain the language "initiating a message from a message originator to a message recipient...."

This language shows that "initiating" means something different than message "originat[ion]", as different words are used. See Acumed LLC v. Stryker Corp., 483 F.3d 800, 807 (Fed. Cir. 2007) (Inventor's use of different words "is strong evidence" that the

2

words "have distinctly different meanings."). The phrase "from a message originator" merely describes what is being "initiated".

Thus, Defendants' summary judgment motion cannot be addressed until the Court has had an opportunity to construe at least this disputed term. See O2 Micro Intern. v. Beyond Innovation Technology, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding a claim term, it is the court's duty to resolve it.").

Significantly, the Local Patent Rules for the Northern District of Illinois provide for the deferment of any motion which raises claim construction issues until after claim construction. Specifically, LPR 1.1 provides:

> If a party files, prior to the Claim Construction Proceedings provided for in LPR Section 5, a motion that raises claim construction issues, the Court may defer the motion until after the claim Construction Proceeding.

Intellect recognizes that this Court is not required to follow the Local Rules in this particular case, but at a minimum, the Local Rules – drafted in a collaborative effort between the bar and the bench – provide persuasive guidance on how the process should operate in this case. Indeed, many courts in this District are following the Local Rules in cases which were pending prior to the effective date of the Local Rules.

Deferment is particularly appropriate here because Defendants' motion is premised only on attorney argument and Intellect's prior interrogatory responses. As addressed in Intellect's Local Rule 56 Statement of Additional Facts, however, **Intellect has supplemented its interrogatory responses** to among other things, make clear that "initiation" does not equal "origination".

3

The Local Patent Rules acknowledge that a Patentee's infringement contentions may evolve based on fact discovery and the accused infringer's non-infringement and invalidity contentions. For that reason the Local Patent Rules provide for "Final Contentions" (LPR 3.1) which, in turn, shape the claim construction process. Here, there have been no "Final Contentions" on any issue.

Moreover, Defendants' argument is at odds with many of Intellect's prior contentions, all of which are supported by written evidence. These include:

> "USCC causes the communications network to wirelessly transmit the caller ID and the picture from the message center to the wireless portable device." (Ex. P1, pp. 8 and 9)
>
> * * *
>
> "USCC handsets initiate a message to a recipient who is a U.S. Cellular subscriber." (Ex. P2, p. 3)
>
> * * *
>
> "USCC handsets are message originators which initiate a message to a recipient who is a U.S. Cellular subscriber." (Ex. P3 at pp. 3, 13, and 25)
>
> * * *
>
> "The following USCC cell phones can initiate a message including a non-facsimile picture from a message originator to a message recipient." (Ex. P3, p. 2.)

(Defendants' Statement of Undisputed Material Facts ("SUMF") at ¶¶ 60, 61, 70, 71).

### B. Discovery Of The Accused Instrumentality Is Necessary

The Local Patent Rules also provide that claim construction occurs only after the parties' infringement and validity positions are thoroughly vetted in discovery (and after each party submits Initial and Final Contentions). Here, there has been minimal discovery and no depositions. In recent years, the Federal Circuit has held in a series of cases that the district court should consider the accused products in the context of

4

claim construction. For example, in Wilson Sporting Goods Co. v. Hillerich & Bradsby Co., 442 F.3d 1322, 1330-31 (Fed.Cir. 2006), the Federal Circuit declared:

> To reiterate, this court has discussed the claim interpretation based solely on the claim language and the context of the patent. Unfortunately this court lacked the full context of this infringement action and the claim construction component of infringement because the record on appeal contains no description of the accused infringing devices. Without that additional context, this court cannot fully and confidently review the infringement judgment, including its claim construction component.

*Accord*, Lang v. Boston Scientific Corp., 532 F.3d 1330, 1337 (Fed. Cir. 2008) ("indeed, a better understanding of the context of the claim construction as the case proceeds through an infringement determination can appropriately lead a district court to change its initial claim construction"); Lava Trading, Inc. v. Sonic Trading Management, LLC, 445 F.3d 1348, 1350 (Fed. Cir. 2006)("Without knowledge of the accused products, this court cannot access the accuracy of the infringement under review and lacks a proper context for an accurate claim construction."); Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1310 n.10 (Fed. Cir. 2006)("[I]t is appropriate for a court to consider accused devices when determining what aspect of the claim should be construed."); Massachusetts Inst. of Tech. v. Abacus Software, 4,62 F.3d 1344, 1350 (Fed.Cir. 2006) ("our rulings on claim construction in this case unfortunately must be made without knowledge of the accused devices.").

Here, there has yet to be any depositions concerning issues such as the manner in which messages are initiated so as to be processed by Defendants' message centers. Indeed, there have been no depositions at all. This is yet another reason why Defendants' motion should be denied as premature.

5

### C. Serial Summary Judgment Motion Practice Would Be Inefficient

As yet another reason why Defendants' motion should be denied as premature, Intellect has amended its Complaint to add U.S. Patent No. 7,349,532. Claim 1 of the '532 Patent provides:

> 1. A wireless picture messaging system in which a picture is sent from a message originator having a telephone number to a message recipient having a wireless portable communication device, comprising:
>
> a message center;
>
> a picture message input device for use by the message originator for generating a message including a picture to be transmitted to the message center from a message originator;
>
> a receiver coupled to the message center for receiving and storing in a memory both message originator information provided automatically by a communications net work as the caller ID identifying the telephone number of the message originator, and a picture obtained from the message originator with the caller ID;
>
> a wireless portable communication device for receiving wireless signals from the message center; and,
>
> a transmitter for wirelessly transmitting the stored caller ID and the stored picture from the message center to the wireless portable communication device.

Defendants provide every one of these elements, though they likely will contend otherwise. And this new claim contains some of the identical claim terms implicated in Defendants' summary judgment motion (such as "message originator"). The notion that this Court should have to entertain serial summary judgment motions in this case does not comport with principles of judicial economy.

### D. Defendants' Motion Should Be Denied On The Merits

As addressed in Intellect's Statement of Additional Facts, Intellect has served

6

supplemental interrogatory responses with infringement contentions based on Defendants' own documents. Those responses are directly at odds with the premise of Defendants' motion. While Defendants contend that "initiating a message" is performed by a "cellular telephone user", Defendants' own documents say otherwise. For example, an internal U.S. Cellular document unequivocally says "MMS client sends MMS messages to the MMSC." Statement of Additional Facts ("SAF") at ¶ 3. U.S. Cellular defines "MMS client" as "the software or application that resides on the phone." (Id.) Given that -- under the proper claim construction -- the user is not performing the "initiating a message" step, Defendants' reliance on <u>McKesson Information Solutions, LLC</u> v. <u>Epic Systems Corp.</u>, 2009 U.S. Dist. LEXIS 88158 (N.D. Ga. Sept. 8, 2009) is misplaced.

T-Mobile's internal documents also confirm that T-Mobile performs the "initiation" step: "A mobile originating MMS **message is generated by the MMS client** on a subscriber's handset…." SAF at ¶ 4; emphasis added.

Moreover, Intellect's supplemental infringement contentions confirm that action by a third party is not required to infringe claim 18 of the '186 Patent. SAF ¶¶ 1 and 2.

Finally, Intellect's supplemental infringement contentions also confirm that Intellect is not making any claims of indirect infringement against Defendants, thus mooting several of Defendants' arguments. (Defendants' Br. at 9).

As addressed above, while depositions have yet to be taken, the document discovery obtained to date contradicts Defendants' attorney argument. At a minimum, fact and claim construction disputes require the denial of summary judgment.

7

### III. CONCLUSION

For reasons stated above, Intellect respectfully requests that Defendants' motion for summary judgment be denied as premature or, in the alternative, denied on the merits due to disputed facts and contested claim construction positions.

Respectfully submitted,

 /s/ Paul K. Vickrey
Paul K. Vickrey
Paul C. Gibbons
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

**Attorneys for Plaintiff, Intellect Wireless, Inc.**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses on March 11, 2010:


Thomas L. Duston
(tduston@marshallip.com)
Scott A. Sanderson
(ssanderson@marshallip.com)
Marshall, Gerstein & Borun
233 South Wacker Drive
6300 Sears TowerChicago, IL 60606
(312) 474-6300
Fax: (312) 474-0448

Josh A. Krevitt
(jkrevitt@gibsondunn.com)
Charles J. Boudreau
(cboudreau@gibsondunn.com)
Benjamin Hershkowitz
(bhershowitz@gibsondunn.com)
Gibson, Dunn & Crutcher LLP
200 Park Avenue, Suite 4800
New York, NY 10166
(212) 351-4000
Fax: (212) 351-4035

**Attorneys for T-Mobile USA, Inc.**

Richard J. O'Brien
(robrien@sidley.com)
Nabeel Khan (nkhan@sidley.com)
Rachel Sher (rsher@sidley.com)
Brian Bianco (bbianco@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
Fax: (312) 853-7036

**Attorneys for United States Cellular Corporation**


                         */s/ Paul K. Vickrey*
                         *Attorney for Plaintiff*
                         *Intellect Wireless*