UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., a Texas corporation, | )<br>)<br>) |
| Plaintiff, | ) No. 08 C 1215<br>) |
| v. | ) Judge Joan B. Gottshcall<br>) |
| T-MOBILE USA, INC., a Delaware corporation, and UNITED STATES CELLULAR CORPORATION, a Delaware corporation, | ) Magistrate Judge Susan E. Cox<br>)<br>)<br>)<br>) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

Plaintiff, Intellect Wireless, Inc., filed suit against T-Mobile USA, Inc. and United States Cellular Corporation (collectively referred to as "defendants") for the infringement of four patents that relate to wireless phone service. Plaintiff now moves this Court for leave to file certain documents under seal and for entry of a protective order [dkt 139]. Defendants do not object to the documents being filed under seal. Defendants, however, argue that the protective order must include a patent prosecution bar. Plaintiff asserts that a patent prosecution bar is not warranted in this case. We agree.

**PROCEDURAL BACKGROUND AND RELEVANT FACTS**

Initially, the parties in this suit were unable to agree on a protective order because defendants wanted to prevent any party gaining access to confidential documents in this litigation from prosecuting patents before the United States Patent Office or any foreign patent office. Because the

parties could not reach an agreement regarding the patent prosecution bar, the parties agreed to proceed with discovery under an "outside attorneys' eyes only" basis until an agreement regarding a protective order could be reached.[1] More than one year later, however, the parties have still not agreed on a protective order.

On February 8, 2010, defendants moved for summary judgment.[2] Plaintiff opposed this motion and submitted a statement of additional facts pursuant to Local Rule 56.1(b)(3)(C) in support of its opposition.[3] Plaintiff attached confidential documents to its 56.1(b)(3)(C) statement, which it had obtained from defendants during discovery. These documents are marked as confidential. But there is no protective order in this case, so plaintiff now moves the Court to enter a protective order as outlined in the Local Patent Rules, and for leave to file these documents under seal. Defendants do not object to the documents being filed under seal. Defendants also do not object to the entering of a protective order. The only issue here is whether that protective order must include a patent prosecution bar.

## LEGAL STANDARD

The federal circuit has discouraged a *per se* bar on in-house counsel accessing confidential information disclosed by a competitor during litigation.[4] Likewise, attorneys who litigate patent infringement, and gain access to a competitor's confidential information, are not automatically barred from prosecuting patents for those same clients.[5] Instead, courts analyze "the particular

---

[1] Defendants' Response Brief, Exh. 1 at 8 [dkt. 142].
[2] Dkt. 118.
[3] Dkt. 138.
[4] *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984).
[5] *In re Sibia Neurosciences, Inc.*, 1997 WL 688174 at *3 (Fed. Cir. 1997).

counsel's 'relationship and activities' in the company's competitive decision making."[6] Competitive decision making means, "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."[7]

Other courts in this district have adopted the "competitive decision making" analysis when determining whether a patent prosecution bar is appropriate.[8] As stated by Magistrate Judge Mahoney, "the court considers the relationship between the patent prosecutors and their client, as well as the sensitive nature of the documents that defendants must produce, to determine whether good cause exists to grant the prosecution bar."[9] We note that some courts in this district, and other districts, have found that the prosecution of patents is an activity that rises to the level of "competitive decision maker."[10] However, this *per se* conclusion that prosecution attorneys are competitive decision-makers is contrary to the Federal Circuit's decisions that encourage courts to examine each situation on its individual facts.

## ANALYSIS

Defendants have failed to articulate the competitive decision making that plaintiff's counsel is involved in that would make a patent prosecution bar necessary. Defendants state only generally

---

[6] *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08-50078 (N.D. Ill. Jan. 5, 2009)(dkt. 34-1 at 3)(*citing U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)); *SmartSignal Corp. v. Expert Microsystems, Inc.*, 2006 WL 1343647 at *6 (N.D. Ill. May 12, 2006).
[7] *U.S. Steel Corp.,* 730 F.2d at 1468, n. 3.
[8] *Bergstrom, Inc. v. Glacier Bay, Inc.,* No. 08-50078 (N.D. Ill. Jan. 5, 2009)(dkt. 34-1 at 3); *SmartSignal Corp. v. Expert Microsystems, Inc.*, 2006 WL 1343647 (N.D. Ill. May 12, 2006).
[9] *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08-50078 (N.D. Ill. Jan. 5, 2009)(dkt. 34-1 at 6).
[10] *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, No. 04-346, 2005 WL 146967 (N.D. Ill. Jan. 21, 2005) (stating that it is, "customary to keep confidential data in infringement cases from those who prosecute patents."); *Motorola, Inc. v. Interdigital Technology Corp.*, 1994 WL 16189689 (D. Del. Dec. 19, 1994) (finding that patent prosecutors engage in competitive decision making).

that there is high risk of exposing defendants' confidential technical information without a prosecution bar and that the plaintiff is currently prosecuting two patent applications that "directly relate to the patents-in-suit."[11] Of particular concern to defendants is plaintiff's patent prosecution attorney of record, Robert K. Tendler. Defendants argue that Mr. Tendler is currently engaged in patent prosecution and has filed lawsuits against the defendants in the past. Defendants argue that if Mr. Tendler were to gain access to confidential information, he could craft "claims in connection with his own patent application portfolio to cover defendants' activities."[12] But defendants do not state, as required by the Federal Circuit, Mr. Tendler's involvement with the plaintiff's internal business activities. The Federal Circuit requires more than an attorney's label of prosecution counsel. Indeed, "[t]he facts, not the category, must inform the result."[13] It should also be noted that Mr. Tendler stated at his deposition that he has no involvement in this litigation and that the plaintiff stated throughout its brief that it has no intention of divulging confidential information to patent prosecution counsel.[14] Defendant's have, thus, failed to demonstrate that plaintiff's prosecution counsel is involved in the plaintiff's competitive decision making. Furthermore, defendants have not explained the sensitive nature of the documents being produced. Defendants make only the general statement that, "[c]ertain technical information that [d]efendants have produced in this action concerning the operation of the accused services is proprietary."[15] Such a vague statement is not enough to warrant the unnecessary hardship that would result from the issuance of a patent prosecution bar.[16]

---

[11] Defendants' Response Brief at 1.
[12] Defendants' Response Brief at 2.
[13] *In re Sibia Neurosciences, Inc.*, 1997 WL 688174 at *3 (Fed. Cir. 1997).
[14] Plaintiff's Reply Brief at 3-5.
[15] Defendants' Response Brief at 4.
[16] *See U.S. Steel Corp.,* 730 F.2d at 1468.

## CONCLUSION

Defendants have failed to fulfill the requirements for a patent prosecution bar outlined by the Federal Circuit, therefore, the Court declines to enter a patent prosecution bar at this time. Plaintiff's request to enter the default protective order provided by the Northern District of Illinois Local Patent Rules is hereby granted, thereby allowing plaintiff to file certain exhibits under seal [dkt 139].

**IT IS SO ORDERED**.

**ENTERED: May 12, 2010**

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**